**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| ZACHARIAH ROBERTSON, Individually and For Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WHITMAN CONSULTING ORGANIZATION, INC.,<br><br>Defendant. | **Case No. __________________**<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Zachariah Robertson (Robertson) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Whitman Consulting Organization, Inc. (WhitCo) under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq*.

2. WhitCo pays Robertson and the other hourly workers like him a daily per diem. The per diem represents compensation that is primarily for the benefit and convenience of WhitCo's hourly employees. As a result, the FLSA requires this type of compensation be included in the calculation of these workers' regular rate of pay for overtime purposes. Because the per diem was not used in calculating these workers' regular rate of pay, WhitCo's hourly workers were not properly compensated at a rate of one-and-one-half times their regular rate of pay—as defined by the FLSA—for all hours worked in excess of 40 hours in a single workweek.

3. Robertson brings this collective action to recover unpaid overtime wages and other damages owed to him and other hourly workers like him.

## JURISDICTION & VENUE

4. This Court has original subject matter jurisdiction because this case presents a federal question. 29 U.S.C. § 216(b); 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District and Division. Specifically, Robertson primarily worked for WhitCo in Ft. Collins, Colorado and in and around the Denver Metro.

## PARTIES

6. WhitCo employed Robertson as a Welding Inspector during the statutory time period until April 2018 and regularly worked in excess of 40 hours a week without receiving overtime pay calculated at the legal overtime rate. The exact dates and hours that Robertson worked are reflected in WhitCo's records.

7. Robertson's written consent is attached as Exhibit 1.

8. Robertson brings this action on behalf of himself and all other similarly situated hourly workers, under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). WhitCo subjected the Putative Class to the same FLSA violations as Robertson, and such a class is properly defined as:

> **ALL INDIVIDUALS WHO WERE (1) EMPLOYED BY WHITMAN WITHIN THE LAST THREE YEARS AS HOURLY EMPLOYEES; AND (2) WHO WERE PAID A PER DIEM** (Putative Class Members).

9. The Putative Class Members are easily ascertainable from WhitCo's business and personnel records.

10. Defendant WhitCo is a Colorado corporation that maintains its headquarters in Rifle, Colorado and does business throughout the state.

11. Defendant **WhitCo** may be served through its registered agent: **Bernard Whitman, 706 South Ninth Street, Grand Junction, Colorado 81501, USA.**

12. Throughout Robertson's employment, WhitCo paid him and other workers like him a per diem.

## COVERAGE UNDER THE FLSA

13. At all relevant times, WhitCo was an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all relevant times, WhitCo was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all relevant times, WhitCo was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

16. WhitCo had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods (such as pipelines, piping, and pressure vessels) or materials that have been moved in or produced for commerce by any person, including but not limited to, drilling rigs, trucks, mobile devices, document scanners, printers, telephones, and other goods or materials that have moved in, or were produced for, commerce.

17. WhitCo's annual gross volume of sales made or business done have far exceeded the minimum ($500,00.00) required for coverage under the FLSA during the last 3 years.

18. At all times hereinafter mentioned, Robertson and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

19. WhitCo uniformly applied its policy of paying its workers, including Robertson, an excessive per diem reimbursement for expenses normally incurred by an employee for his or her own

benefit, which was not considered by WhitCo as part of the regular rate for purposes of calculating overtime.

20. The per diem reimbursement does not fall within the few and narrow exclusions of the FLSA.

21. By paying its workers a per diem that is not included in WhitCo's regular rate calculations for overtime purposes, WhitCo violated (and continues to violate) the FLSA's requirement that it pay employees overtime compensation at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

22. As a result of this uniform policy, Robertson and other workers like her do not receive overtime as required by the FLSA.

23. WhitCo's uniform compensation scheme of paying its workers a per diem that is not included in WhitCo's regular rate calculations for overtime purposes is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

24. Defendant WhitCo is a "leading provider of Construction Management and Inspection Services for the oil and gas industry."[1]

25. Robertson worked for WhitCo in Colorado. Specifically, Robertson primarily worked for WhitCo in Ft. Collins, CO and in and around the Denver Metro.

26. Robertson worked for WhitCo during different time periods until April 2018.

27. Robertson worked for WhitCo as an hourly employee during the relevant time period. Specifically, Robertson worked for WhitCo as a Welding Inspector.

[1] https://www.whitcoinspection.com/ (last visited September 3, 2019).

28. WhitCo typically scheduled Robertson and the Putative Class Members for at least 12-hour shifts for up to 7 days a week for weeks at a time.

29. Robertson typically worked at least 12 hours a day, but he often worked more.

30. Thus, Robertson worked approximately 84 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

31. In addition to his hourly rate, Robertson received approximately $150.00-$180.00 each day he worked that was intended to reimburse him for things like lunch, rent, and other normal everyday expenses.

32. The per diem was intended to reimburse Robertson and the Putative Class Members for expenses normally incurred by an employee for his or her own benefit and convenience.

33. For example, for the pay period beginning on September 18, 2017 and ending on September 24, 2017, WhitCo paid Robertson a daily per diem of either $150.00/day or $180.00/day:

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 40:00 | 35.00 | 1,400.00 | 37,800.00 |
| Overtime | 21:00 | 52.50 | 1,102.50 | 15,547.50 |
| Salary | | | | 1,000.00 |
| Holiday | | | | 1,840.00 |
| Vacation | | | | 1,720.00 |
| | 61:00 | | 2,502.50 | 57,907.50 |
| **Deductions From Gross** | | | **Current** | **YTD Amount** |
| Health Insurance (pre-tax) | | | | -604.32 |
| Dental Insurance (pre-tax) | | | | -69.24 |
| | | | | -673.56 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -303.00 | -5,994.00 |
| Social Security Employee | | | -155.15 | -3,548.50 |
| Medicare Employee | | | -36.28 | -829.89 |
| CO - Withholding | | | -87.00 | -1,807.00 |
| | | | -581.43 | -12,179.39 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Mileage - $0.54 | | | 130.68 | 2,646.54 |
| Per Diem - $150 | | | 450.00 | 24,600.00 |
| Per Diem - $180 | | | 720.00 | 720.00 |
| | | | 1,300.68 | 27,966.54 |
| **Net Pay** | | | **3,221.75** | **73,021.09** |

34. Similarly, for the pay period beginning on October 20, 2017 and ending on November 5, 2017, WhitCo paid Robertson a daily per diem of $180.00/day:

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 40.00 | 40.00 | 1,600.00 | 48,080.00 |
| Overtime | 17.00 | 60.00 | 1,020.00 | 21,427.50 |
| Salary | | | | 1,000.00 |
| Holiday | | | | 1,840.00 |
| Vacation | | | | 1,720.00 |
| | 57.00 | | 2,620.00 | 74,067.50 |
| **Deductions From Gross** | | | **Current** | **YTD Amount** |
| Health Insurance (pre-tax) | | | | -675.40 |
| Dental Insurance (pre-tax) | | | | -103.86 |
| | | | | -779.26 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Add Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -333.00 | -8,074.00 |
| Social Security Employee | | | -162.44 | -4,543.87 |
| Medicare Employee | | | -37.99 | -1,062.68 |
| CO - Withholding | | | -92.00 | -2,375.00 |
| | | | -625.43 | -16,055.55 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Mileage - $0.54 | | | 81.00 | 3,132.54 |
| Per Diem - $180 | | | 1,260.00 | 8,280.00 |
| Per Diem - $150 | | | | 24,600.00 |
| | | | 1,341.00 | 36,012.54 |
| **Net Pay** | | | **3,335.57** | **93,245.23** |

35. But WhitCo did not and does not consider the per diem when calculating Robertson and the Putative Class Members' regular rates of pay for overtime purposes.

36. Because the per diem is not used to reimburse Robertson or the Putative Class Members for expenses incurred by an employee in the furtherance of the employer's interest or benefit, those payments are actually disguised wages.

37. The per diem should be included in the regular rate calculations for overtime purposes.

38. As such, Robertson and the Putative Class Members were not properly compensated as one-and-one-half times their regular rate – as defined by the FLSA – for all overtime worked in excess of 40 hours in a single workweek.

## COLLECTIVE ACTION ALLEGATIONS

39. Robertson brings this claim as a collective action under the FLSA.

40. Numerous employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees have worked with Robertson and have reported that their hourly regular rate did not include the per diem for overtime purposes.

41. Robertson has actual knowledge that the Putative Class Members have been subjected to the same or similar compensation scheme. Robertson worked with many individuals employed by WhitCo and has personal knowledge that they were also paid a per diem that was not considered part of their regular rates of pay for purposes of calculating overtime.

42. Even if their precise job titles may differ, they are all victims of WhitCo's unlawful compensation practices and are similarly situated to Robertson in terms of underlying job duties, pay provisions, and employment practices.

43. All Putative Class Members receive a per diem reimbursement for expenses normally incurred by an employee for his or her benefit, which is not considered by WhitCo as part of their regular rates for purposes of calculating overtime.

44. The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

45. The per diem does not fall within the few and narrow exclusions of the FLSA.

46. The Putative Class Members are similarly situated to Plaintiff in terms of underlying pay structure and/or the denial of one-and-one-half their regular rates for all hours worked in excess of 40 hours in a single workweek.

47. WhitCo's failure to include the per diem into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on personal circumstances of the Putative Class Members.

48. The job specific titles or precise job responsibilities of each Putative Class Member does not prevent collective treatment.

49. All Putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the minimum rate of one-and-one-half their regular rates of pay – as defined by the FLSA – for all hours worked in excess of 40 hours in a single workweek.

50. Although the exact amount of damages may vary among Putative Class Members, the damages can be easily calculated by the same or similar formula because all hours worked by the Putative Class Members were recorded by a time keeper and reflected in WhitCo's records.

51. Robertson has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

52. Like each Putative Class Member, Robertson has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

53. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

54. Absent a class and collective action, many Putative Class Members will not obtain redress of their injuries, and WhitCo will reap the unjust benefits of violating the FLSA.

55. Further, even if some of the Putative Class Members could afford individual litigation against WhitCo, it would be unduly burdensome to the judicial system.

56. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

57. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

58. Among the common questions of law and fact are:

a. Whether WhitCo employed the Putative Class Members within the meaning of the FLSA;

b. Whether WhitCo's violation of the FLSA resulted from a continuing course of conduct;

c. Whether WhitCo's decision to pay these workers a per diem that was not included in these workers' regular rates for overtime purposes was made in good faith;

d. Whether WhitCo's violation of the FLSA was willful; and

e. Whether WhitCo's illegal pay practice applied to the Putative Class Members.

59. Robertson and the Putative Class Members sustained damages arising out of WhitCo's illegal and uniform pay policy.

60. Robertson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

61. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to WhitCo's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

62. WhitCo is liable under the FLSA for failing to pay overtime to Robertson and the Putative Class Members.

63. Consistent with WhitCo's illegal pay policy, Robertson and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

64. As part of its regular business practices, WhitCo intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Robertson and the Putative Class Members.

65. WhitCo's illegal pay policy uniformly deprived Robertson and the Putative Class Members of the premium overtime wages they are owed under federal law.

66. WhitCo is aware, or should have been aware, that the FLSA required it to pay Robertson and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

67. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

68. Notice of this lawsuit should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

69. Those similarly situated workers are known to WhitCo, are readily identifiable, and can be located through WhitCo's records.

70. In sum, WhitCo's failure to include the per diem into the Putative Class Members' regular rates of pay calculation for overtime purposes results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Putative Class Members. Thus, Robertson's experiences are typical of the Putative Class Members' experiences.

## CAUSE OF ACTION

### Violation of the FLSA

71. Robertson realleges and incorporates by reference all allegations in preceding paragraphs.

72. At all relevant times, WhitCo was an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

73. WhitCo employed Robertson and the Putative Class Members.

74. WhitCo's pay policy denied Robertson and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

75. Specifically, WhitCo violated, and is violating, Section 7 of the FLSA by failing to include the per diem in the calculation of the regular rate of pay to determine the overtime rate. 29 U.S.C. § 207(e)(2) (As used in this section "regular rate" at which an employee is employed shall be deemed to include all renumeration for employment paid to, or on behalf of, the employee…); *see also* 29 C.F.R. § 778.217(d) ("If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate there. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses.") As such, WhitCo has failed to properly pay Robertson and the Putative Class Members overtime wages at one-and-one-half their regular rates for all hours worked in excess of 40 hours per workweek.

76. WhitCo's failure to pay Robertson and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

77. The foregoing conduct constitutes a willful violation of the FLSA.

78. Robertson and the Putative Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, costs, and expenses of this action from WhitCo.

## JURY DEMAND

79. Robertson hereby demands a trial by jury.

## PRAYER

WHEREFORE, Robertson, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. A judgment against WhitCo awarding Robertson and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor A. Jones**
Texas Bar No. 24107823
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046

713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

**AND**

Richard J. (Rex) Burch
TX Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**