# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by Zachariah Robertson ("Plaintiff"), individually and on behalf of Opt-In Plaintiffs Jody Williams, Joel Wilson, Joshua Rhyne, Kerry Gersich, Kristofer Klitzke, Matthew Farrell, Michael Duren, Scott Matusenske, Timothy Trulove (collectively, "Plaintiffs") and Whitman Consulting Organization, Inc. (hereinafter, "WHITCO").

WHEREAS, Plaintiffs filed an action entitled *Original Collective Action Complaint*, pending in the United States District Court for the District of Colorado under Civil Action No. 19-cv-02508-KLM ("the Action"). The Action alleged certain violations under the Fair Labor Standards Act related to alleged wages;

WHEREAS, the parties desire to resolve all matters arising out of Plaintiffs' claims against WHITCO (including, but not limited to, those claims set forth in the Action) upon the terms and conditions set forth herein;

WHEREAS the parties agree that bona fide disputes exist as to Plaintiffs' claims brought against WHITCO;

WHEREAS the Parties agree that this Settlement Agreement provides a fair and reasonable resolution of all disputes in the Action;

NOW THEREFORE, for and in consideration of the mutual releases, covenants, and undertakings hereinafter set forth, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows.

1. **Payment.** WHITCO agrees to pay Plaintiffs the total amount of Forty Thousand dollars ($40,000.00), exclusive of the employer's share of payroll taxes which shall be paid separately by WHITCO, for settlement of all federal and state wage and hour claims against WHITCO that Plaintiffs sought or could have sought in this Action, Civil Action no. 19 cv 02508 KLM, and also expressly in consideration for all claims released herein. The settlement is allocated as set forth below:

- $16,000.00 payable to Plaintiffs' attorneys at Josephson Dunlap, LLP for attorney fees to be reported on an IRS Form 1099. Plaintiffs' attorneys shall be solely responsible for determining the distribution between the respective law firms (Josephson Dunlap, LLP and Bruckner Burch, PLLC) that make up Plaintiffs' attorneys.

- $6,177.69 payable to Plaintiffs' attorneys at Josephson Dunlap, LLP for litigation costs to be reported on an IRS Form 1099. Plaintiffs' attorneys shall be solely responsible for determining the distribution between the respective law firms (Josephson Dunlap, LLP and Bruckner Burch, PLLC) that make up Plaintiffs' attorneys.

- $1,000.00 payable to Zachariah Robertson as a Service Award for his service in bringing and prosecuting this case and in consideration of the general release set forth herein

Paragraph 5. Plaintiff's Service Award will be reported on an IRS form 1099 for which no payroll taxes will be withheld.

- $1,915.55 payable to Jody Williams, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $2,885.54 payable to Joel Wilson, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $910.82 payable to Joshua Rhyne, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $500.00 payable to Kerry Gersich, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $965.25 payable to Kristofer Klitzke, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $1,048.146 payable to Matthew Farrell, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $500.00 payable to Michael Duren, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $2,416.63 payable to Scott Matusenske, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $500.00 payable to Timothy Trulove, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

- $5,180.40 payable to Zachariah Robertson, one half for wages to be reported on an IRS form W2 for which payroll taxes will be withheld and one for liquidated damages to be reported an on IRS form 1099 for which no payroll taxes will be withheld.

Plaintiff represents and warrants that his acceptance of this settlement is informed and meaningful, that this Agreement is not obtained through fraud or duress, and the compromise does not result in payment to the employee of less than the minimum wage or the statutory overtime rate due. Further, Plaintiff acknowledge that he is represented by counsel and had the opportunity to consult with counsel regarding his Agreement. Finally, Plaintiff warrants that as the Named Plaintiff and Class Representative, he has the right and authority to enter this Agreement on behalf of, and to bind, the Opt-In Plaintiffs.

2. **Approval and Dismissal.** Immediately upon full execution of this Agreement, the parties shall jointly submit the Agreement to the Court in the Action for approval. If the Court does not approve the parties' Settlement Agreement, the Parties shall make reasonable efforts to cure any alleged deficiency addressed by the Court to re-submit their Agreement to the Court in the Action for approval. If the Court approves this settlement and there are no revocations, WHITCO shall pay the amounts set forth in Paragraph 1 hereof made payable to the law firm of Josephson Dunlap, LLP and to each identified plaintiff individually, as identified, within ten (10) days of the court's approval of the settlement. Within seven (7) days of such payment, counsel for Plaintiffs and WHITCO shall file a stipulation to dismiss the Action with prejudice, each party to pay their own costs and fees.

3. **Taxes.** Each payor of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that she, he, they, or it is legally responsible to pay as a result of this Agreement, except as specifically set forth in this Agreement.

4. **Unforeseen Damages and Informed.** Plaintiff acknowledges that he enters into the Agreement with a full understanding that he may have sustained unknown or unforeseen damages resulting directly or indirectly from hours allegedly worked without compensation during the relevant period over which there exists a bona fide dispute. By executing this Agreement, Plaintiff fully intends to release WHITCO from any and all liability for any and all such damages arising from Plaintiffs' wage and hour claims alleged in the Action. Plaintiff states that he is fully informed as to the nature, extent, and character of her damages, losses and liabilities, if any, and as to the nature, extend, severity, and duration and all other known or unknown, foreseen or unforeseen consequences of such damages, losses, or liabilities, if any.

5. **Release.** The Plaintiffs release and forever discharge all claims against WHITCO and each of its affiliates, subsidiaries, parent corporations, respective agents, present and former owners, directors, officers, executives, managers, employees, predecessors and/or successors in interest, attorneys, heirs and assigns, from any and all claims that WHITCO did not pay in full all wages required by the Fair Labor Standards Act, the Colorado Wage Act, and the Colorado Minimum Wage Order including, but not limited to, those giving rise of Civil Action No. 19-cv-02508-KLM. This Settlement Agreement and Release includes, but is not limited to, claims for unpaid wages, overtime, unpaid rest periods, unpaid commissions, penalties, liquidated damages, interest, other compensation, benefits, or remuneration arising from Plaintiffs' employment with WHITCO.

This waiver and release cover all forms and types of damages including, but not limited to, compensatory and consequential damages, past wages, past employment benefits, liquidated damages, interest, any and all attorney's fees and associated costs and expenses, and claims for

punitive damages or penalties. But Plaintiffs do not release any claim for any alleged workers' compensation claim, injury, etc., NOR DO THE PARTIES WAIVE RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THIS AGREEMENT IS EXECUTED.

NOTICE ON ADMINISTRATIVE CHARGES AND INVESTIGATIONS. Notwithstanding any other provisions of this Agreement, Plaintiffs are not prohibited from filing a charge or participating in an investigation with the Equal Employment Opportunity Commission or any Fair Employment Practices Agency, including, but not limited to, the Colorado Civil Rights Division, if such right is not waivable. Plaintiffs individually release any right she/he may have, collectively or individually, to receive damages or other monetary awards in any action filed by the EEOC or CCRD covering any wage and hour claim released under this Agreement. Nothing in this paragraph shall be construed to limit or prohibit Plaintiffs from giving testimony pursuant to subpoena.

PLAINTIFFS DO NOT WAIVE RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THIS AGREEMENT IS EXECUTED.

In addition to these claim, Plaintiff Zachariah Robertson, solely, shall also be deemed to have released and forever discharged WHITCO from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract or tort laws, or any claim arising under common law, such as, without limitation, claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against WHITCO based upon any conduct occurring up to and including the date of the Court's Approval Order. Plaintiff Zachariah Robertson, solely, irrevocably waives any right to monetary recovery from WHITCO, whether sought directly by it or in the event any administrative agency or other public authority, individual, or group of individuals should pursue any claim on their behalf. Notwithstanding the previous sentence, this Settlement Agreement does not limit Plaintiff Zachariah Robertson's right to receive an award or payment from a government agency (and not WHITCO) for information provided to any government agency.

6.     **Suit for Enforcement.** If either party sues the other party for enforcement of this Agreement, the prevailing party shall receive its reasonable attorneys' fees and expenses for prevailing in said action.

10. **Non-Admission.** Plaintiffs and WHITCO agree that nothing herein shall be construed as an admission by either of them of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

11. **Competent.** Plaintiff warrants that no promise or inducement has been offered except as set forth in this Agreement and that she/he is legally competent to execute this Agreement.

12. **Consultation with Attorney and Right to Obtain Legal Advice.** Plaintiff acknowledges that he has carefully read this Agreement, he understands all its terms, and he has signed it voluntarily with full knowledge of its significance after opportunity for consideration and consultation with his attorney(s) and/or advisor(s) before signing this Agreement. Plaintiff represents that no payments or other things of value have been promised to them for his signing and delivering this Agreement other than the payments, agreements, and benefits described herein, which payments, benefits, and agreements constitute adequate payment for the claims herein released and Plaintiffs' other agreements outlined in this Agreement. All parties have had the opportunity to review and participate in the preparation of this Agreement, which shall not in its interpretation be construed against any party. Additionally, Plaintiff acknowledges that WHTICO, through this Agreement, recommend that Plaintiff contact an attorney to obtain counsel regarding this Agreement and, in fact, the Plaintiffs acknowledge that they have sought such counsel.

13. **Choice of Law, Venue.** The parties agree that this Agreement shall be governed by and construed in accordance with the laws of the State of Colorado. Appropriate venue shall be the United States District Court for the District of Colorado.

14. **Entire Agreement and Severability.** The parties agree that this Agreement may not be modified, altered, amended, or otherwise changed except upon written consent by each of the parties hereto. Should any provision of this Agreement be held invalid or unenforceable by a court of competent jurisdiction, the parties agree that the remaining provisions shall remain in full force and effect.

15. **Miscellaneous.** This Agreement constitutes the entire agreement among the parties, and there are no other understanding or agreements, written or oral, among them on the subject. Separate copies of this document shall constitute original documents, which may be signed separately but which together shall constitute a single agreement. Faxed or electronically mailed signatures shall be considered as valid as originals. This Agreement will not be binding on any party until signed by all parties or their representatives. This Agreement may be executed in counterparts.

By signing this agreement, I attest that I agree to all the terms and conditions contained herein:

Plaintiff:

_ZeReb_
Zach Robertson (May 5, 2021 10:45 PDT)
_____  May 5, 2021
Zachariah Robertson (Signature)                           Date

By signing this agreement, I attest that I agree to all the terms and conditions contained herein:

Defendant:

_____          _____5/6/21_____
Michael Whitman (Signature)                        Date
On Behalf of WHITCO